1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LPOD, INC., *et al*.,

              Plaintiffs,

    v.

KINDER MORGAN LIQUIDS
TERMINALS LLC.,

              Defendant.

Case No. 1:23-cv-01498-KES-CDB

ORDER DENYING PLAINTIFFS' EX PARTE
APPLICATION TO STAY DISCOVERY

(Doc. 44)

      Pending before the Court is the ex parte application of Plaintiffs LPOD, Inc., M&W Properties, LLC, Bryan Porter, and Michael J. Porter ("Plaintiffs") to stay discovery (Doc. 44) until their pending motion to remand this action has been resolved (Doc. 26). Defendant Kinder Morgan Liquids Terminals LLC ("Defendant") opposes a stay. (Doc. 45). For the reasons explained herein, Plaintiffs' ex parte application shall be DENIED.

**Background**

      On October 26, 2020, Plaintiffs LPOD, Inc. and Michael J. Porter initiated this action with the filing of a complaint in the Superior Court of the State of California, County of Kern, entitled *LPOD, Inc., et al. v. Kinder Morgan Liquids Terminals LLC.*, Case No. BCV-20-102503 TSC. (Doc. 1 at 2). Plaintiffs filed the operative second amended complaint ("SAC") on March 15, 2023. *Id*. at 3. As alleged in the SAC, Defendant discharged 181,349 gallons of hazardous waste

1  onto LPOD's property. (Doc. 1-1 at 38). Plaintiffs raised the following claims against

2  Defendant: (1) intentional misrepresentation, (2) negligent misrepresentation, (3) fraudulent

3  concealment, (4) negligence, and (5) trespass. (Doc. 1-1 at 34, 39-49).

4      While the action remained pending in state court, on September 22, 2023, Plaintiffs served

5  a notice of deposition on Defendants. (Doc. 1 at 2-3). Defendant asserts the notice of deposition

6  made clear that Plaintiffs are claiming that Defendant's products containing methyl tertiary butyl

7  ether ("MTBE") "is not 'Retrograde Material,' but rather 'Hazardous Waste'" and "it has become

8  evident that this case involves the 'actual or threatened contamination' of MTBE." *Id*. at 5.

9      On October 20, 2023, Defendant removed the action to this Court pursuant to Section

10  1503 of the Energy Policy Act. *Id*. at 2, 6.[1] On October 26, 2023, Plaintiffs filed a motion to

11  remand the action to state court and for attorneys' fees and costs. (Doc. 26). On November 9,

12  2023, Defendant filed an opposition to the motion to remand, and Plaintiff filed a reply on

13  November 14, 2023. (Docs. 32-33).

14      On June 28, 2024, Counsel for Defendant noticed an in-person deposition for a non-party

15  witness, Charles F. Corcoran, in Binghamton, New York, to occur on July 30, 2024. (Docs. 44-1

16  at 3, 11; 45 at 4). Counsel for Defendant attests that Mr. Corcoran's deposition date was based on

17  his availability to voluntarily appear for his deposition and travel from the remote location where

18  he lives. (Doc. 45-1 at ¶ 14). Counsel for Defendant further attests, "[o]ne of Plaintiffs' counsel,

19  Ari Moss, was inadvertently left off the service emails of the deposition notices" and his co-

20  counsels appeared to have shown those notices to him. (Docs. 45-1 at ¶ 14; 45-2 at 47-48).

21      On July 8, 2024, Counsel for Plaintiffs sent a demand letter to Defendants requesting that

22  the deposition of Mr. Corcoran be taken "off calendar." (Doc. 44-1 at 7). Counsel for Plaintiffs

23  explained that if Defendants refused to reschedule the deposition, they intended "to file an ex

24  parte motion to stay all discovery pending the decision of the Court on the motion to remand."

25

26      [1] Section 1503 of the Energy Policy Act of 2005 provides: "Claims and legal actions filed
    after the date of enactment of this Act related to allegations involving actual or threatened
27  contamination of [MTBE] may be removed to the appropriate United States district court." 119
    Stat. 594, 1076 (2005) (reprinted in 42 U.S.C. 7545, 2005 Amendments, "Claims Filed After
28  Enactment").

1    *Id.*  Between July 9 and July 10, 2024, the parties communicated regarding the noticed deposition

2    but did not agree upon rescheduling (Doc. 45-2 at 50-55) prompting Plaintiffs on July 11, 2024,

3    to file the instant ex parte application to stay discovery.  (Doc. 44).

4    **Legal Standard**

5        "[T]he power to stay proceedings is incidental to the power inherent in every court to

6    control the disposition of the causes on its docket with economy of time and effort for itself, for

7    counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Lockyer v. Mirant*

8    *Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005); *see, e.g., Wenger v. Monroe*, 282 F.3d 1068, 1077

9    (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending

10   resolution of the motion to dismiss).  Consistent with this, the Federal Rules of Civil Procedure

11   enable a court for "good cause" to "issue an order to protect a party or person from annoyance,

12   embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party

13   seeking a protective order has the burden "to 'show good cause' by demonstrating harm or

14   prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th

15   Cir. 2004).

16       District courts in the Ninth Circuit often apply a two-pronged test to decide whether to

17   stay discovery in the face of a pending, potentially dispositive motion.  *Mlejnecky v. Olympus*

18   *Imaging Am., Inc.*, No. 2:10–cv–02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7,

19   2011); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. S-07-00142 LKK GGH, 2007

20   WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be

21   potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is

22   aimed."  *Mlejnecky*, 2011 WL 489743, at *6.  Under the first prong, even if the motion is not

23   completely dispositive, courts will stay discovery where "resolution of the motions will impact

24   the number of defendants and legal theories at issue which will in turn impact the scope of

25   discovery."  *Pacific Surf Designs, Inc. v. Whitewater West Indus., Inc.*, 2021 WL 3080061, at *2

26   (S.D. Cal. July 21, 2021).  *Accord Penn v. Lucas*, No. 1:18-cv-01482-AWI-BAK (PC), 2022 WL

27   16702913, at *2 (E.D. Cal. Oct. 28, 2022) (granting discovery stay where "Defendants' motion is

28

3

1   potentially dispositive of the entire action as to at least two defendants.").[2]  Under the second

2   prong, the court determines "whether the pending, potentially dispositive motion can be decided

3   absent additional discovery."  *Mlejnecky*, 2011 WL 489743, at *6.  If either prong is not met,

4   discovery should proceed.  *Id*.

5   **<u>Analysis</u>**

6        Plaintiffs argue that "the pending motion for remand is dispositive and should be resolved

7   before the commencement of discovery."  (Doc. 44 at 6).  *Cf. id.* at 6 ("there is an immediate and

8   clear possibility of a ruling []which may be dispositive of some important aspect of the case")

9   (citing *Azalea Outdoor, LLC v. Columbia Cnty.*, No. CV 123-049, 2023 U.S. Dist. LEXIS 93828,

10  at *2 (S.D. Ga. May 30, 2023).[3]  In opposition, Defendant argues the motion to remand will not

11  dispose of any of Plaintiff's claims and Mr. Corcoran's deposition will need to occur regardless

12  of whether this action is remanded to state court.  (Doc. 45 at 7).

13       The Court finds Plaintiffs have failed to meet the first prong for a motion to stay

14  discovery.  Although a motion to remand is "dispositive" insofar as a remand disposes of all

15  federal proceedings in a case (*Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015)), the relevant

16  standard here is whether the pending motion is "potentially dispositive of the entire case, or at

17  least dispositive on the issue at which discovery is aimed."  *Mlejnecky*, 2011 WL 489743, at *6.

18  Plaintiffs' motion to remand is not dispositive of the entire case – it is at most only dispositive as

19  to this Court's jurisdiction.  If the motion to remand is granted, the action will simply return to the

20  state court for further proceedings.

21  ――――――――――――――

22       [2] When deciding whether to issue a stay under the first prong, a court must engage in a
    "preliminary peek" at the merits of the underlying dispositive motion in the case.  *Tradebay LLC*

23  *v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011); *see Qwest Commc'ns Corp v. Herakles, LLC.*,
    No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299, at *2 (E.D. Cal. 2007).  The Court's review is

24  not intended to prejudge the outcome of the motion.  *Zurich Am. Ins. Co. v. Wm. Bolthouse*
    *Farms, Inc.*, No. 21-cv-00783-NONE-JLT, 2021 WL 4493532, at *5 (E.D. Cal. Oct. 1, 2021)

25  (acknowledging that "taking a 'preliminary peek' and evaluating a pending dispositive motion
    puts a magistrate judge in an awkward position," because the district judge "may have a different

26  view of the merits of the underlying motion") (citing *Tradebay*, 278 F.R.D. at 604).

27       [3] Plaintiff's citation to *Azalea Outdoor* is unavailing because, first, the motion to stay was
    unopposed, and second, the court stayed the action because the party opposing remand had filed a

28  motion to dismiss.

1       While the parties disagree as to the timing of Mr. Corcoran's deposition, both parties

2 acknowledge the necessity of Mr. Corcoran's deposition.  (Docs. 44 at 4-5; 45 at 7).  Thus, a

3 potential remand to state court does not warrant a complete stay of discovery because any

4 discovery completed in federal court would still be useful in the state court proceedings.  *See*

5 *Anoruo v. Valley Health Sys., LLC*, No. 2:18-cv-00105-MMD-NJK, 2018 WL 1785866, at *3 (D.

6 Nev. Apr. 13, 2018) ("a motion to remand is not sufficient grounds to grant a stay of

7 discovery…discovery will proceed regardless of the outcome of the District Court's remand

8 decision"); *Grammer v. Colo. Hosp. Ass'n Shared Servs. Inc*., No. 2:14-cv-01701-RFB-VCF,

9 2015 WL 3938406, at *2 (D. Nev. June 26, 2015) (holding that a stay of discovery was

10 unwarranted pending resolution of a motion to remand to state court because "[t]his action will

11 either continue in federal court or in state court. Unless the case settles, discovery will proceed

12 regardless of the outcome of the District Court's remand decision").

13       The Court finds Plaintiff's broad request to stay all discovery through their ex parte

14 application should be denied.  *See Oertell v. Six Flags Ent. Corp*., No. 2:17-cv-00267-TLN-DB,

15 2018 WL 489154, at *3 (E.D. Cal. Jan. 19, 2018) (denying a motion to stay when defendants had

16 not met "their burden as to the first prong—to show their pending dispositive motion will dispose

17 of the entire case or be dispositive of all issues at which discovery is aimed.").

18 **Conclusion and Order**

19       Accordingly, it is HEREBY ORDERED, Plaintiffs' ex parte application for a stay of

20 discovery until the question of remand has been resolved (Doc. 44) is DENIED.

21 IT IS SO ORDERED.

22    Dated:  __**July 22, 2024**__                    _____

23                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28