UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPOD, INC., *et al.*,<br><br>              Plaintiffs,<br><br>      v.<br><br>KINDER MORGAN LIQUIDS<br>TERMINALS LLC,<br><br>              Defendant. | Case No. 1:23-cv-01498-KES-CDB<br><br>ORDER GRANTING PLAINTIFFS'<br>UNOPPOSED MOTION FOR LEAVE TO<br>FILE THIRD AMENDED COMPLAINT<br><br>(Doc. 78)<br><br>**7-DAY DEADLINE** |

Pending before the Court is the unopposed motion of Plaintiffs LPOD, Inc. ("LPOD"), Michael J. Porter, Bryan Porter, and M&W Properties, LLC ("M&W") (collectively, "Plaintiffs") for leave to file a third amended complaint ("TAC") to withdraw the negligence claim asserted by Plaintiffs in the operative, second amended complaint, filed on June 30, 2026. (Doc. 78). The Court deems the motion submitted without a hearing or oral argument. Local Rule 230(g). In light of the parties' stipulation[1] to the filing of a TAC in which Plaintiffs withdraw their negligence claim against Defendant Kinder Morgan, the Court will grant Plaintiffs' unopposed motion for leave to file a TAC.

---

[1] On June 25, 2026, the parties filed a stipulation representing, among other things, that Plaintiffs "hereby withdraw their negligence claim[, the fourth cause of action in their second amended complaint ("SAC"),] against Defendant Kinder Morgan Liquid Terminals, LLC" ("Defendant" or "Kinder Morgan") and Plaintiffs "will seek leave to amend to file an amended complaint[.]" (Doc. 77).

## I.        Relevant Background

Plaintiffs initiated this action with the filing of a complaint in state court on October 26, 2020, before Defendant removed the action to this Court on October 20, 2023.  (Doc. 1).  On May 14, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines.  (Doc. 58).  On April 14, 2026, the Court granted the parties' stipulated request to amend the scheduling order (Doc. 64) and continued the expert discovery deadline to and including April 27, 2026.  (Doc. 65).  On April 29, 2026, the Court granted the parties' second stipulated request to amend the scheduling order to continue the expert discovery deadline to April 30, 2026, and to continue the non-dispositive motion deadlines.  (Doc. 67).

As noted above, on June 25, 2026, the parties filed a stipulation regarding Plaintiffs' expert Jonathan Gerber and Douglas Parker and Plaintiffs' negligence claim "for the purposes of (1) limiting the pretrial issues for the Court's consideration, including at summary judgment; and (2) expediting trial and limiting evidentiary disputes."  (Doc. 77 at 2).

On June 30, 2026, Plaintiffs filed the pending, unopposed motion for leave to file a TAC to withdraw the negligence claim of the SAC.  (Doc. 78).  Therein, Plaintiffs assert that the motion is unopposed and is made pursuant to the parties' stipulation.  *Id.* at 2.  Plaintiffs represent the TAC is the product of the parties' stipulation in which Plaintiffs agreed to withdraw the negligence claim, and to de-designate two experts, to narrow the issues for summary judgment and trial, and Defendant consented.  *Id.*  A copy of the proposed TAC is attached to the motion as Exhibit B.  *See id.* at 10-26 ("Ex. B").

## II.       Governing Law

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier.  *See* Fed. R. Civ. P. 15(a)(1).  After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties.  Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992,

1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**III.    Discussion**

The Court addresses the relevant factors set forth in *Western Shoshone Nat'l Council v. Molini* below.

### A.     Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend.  *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Plaintiffs in seeking leave to amend.  That Defendant does not oppose amendment confirms the absence of bad faith on the part of Plaintiffs.  Accordingly, this factor weighs in favor of amendment.

### B.     Undue Delay

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings.  *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186.  However, in combination with other factors, delay may be sufficient to deny amendment.  *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment).  In assessing whether any delay is undue, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted).  The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend.  *Howey*, 481 F.2d at 1190-91.  Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court finds no indication here of undue delay.  Plaintiffs promptly filed the motion following the parties' stipulation for Plaintiffs to withdraw their negligence claim asserted in the SAC to narrow the issues for summary judgment and trial.  As such, this factor weighs in favor of amendment.

### C.    Prejudice to Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Defendant does not oppose Plaintiffs' motion and there is no indication that it would be prejudiced by a grant of the motion. Thus, this factor weighs in favor of amendment.

### D.    Prior Amendments and Futility of Amendment

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, Plaintiffs' proposed amendments would constitute the third amendment to the pleadings. The Court finds this factor to weigh neither in favor nor against granting leave to amend. Plaintiffs represent that amendment would not be futile as the amendment is to subtract a claim, and Defendant does not oppose otherwise. *See* (Doc. 78 at 3-4). The Court finds no clear indication of futility on the face of the proposed TAC. *See* Ex. B. Thus, this factor weighs in favor of granting leave to amend.

Because the factors enunciated in *Western Shoshone Nat'l Council v. Molini* weigh substantially in favor of amendment, the Court will grant Plaintiffs' unopposed motion for leave to file the proposed TAC.

**IV.   Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file a third amended complaint (Doc. 78) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. **Within seven (7) days** of entry of this order, Plaintiffs SHALL FILE as a stand-alone docket entry the third amended complaint proposed in the motion (Doc. 78 at 11-26, Ex. B); and

3. Defendant's responsive pleading shall be filed no later than 14 days following Plaintiffs' filing of a third amended complaint. *See* Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated:   **July 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6